[Civ. No. 20349. First Dist., Div. Three. Dec. 28, 1962.]

S. C. POHLMAN COMPANY, Plaintiff and Respondent, v. L. H. EASTERLING, Defendant and Appellant.

Elden C. Friel for Defendant and Appellant.

Wells, Murphey & Coffey and J. D. Cooper for Plaintiff and Respondent.

DRAPER, P. J.—■■■ Cross-defendant Pohlman and defendant were the sole stockholders of plaintiff corporation, which is engaged in the purchase and sale of improvement act bonds. They desired to assure that neither the death nor the withdrawal of one of them would bring a stranger into the business. In 1956, they entered into an agreement covering these contingencies. If one desired to sell, he was required

to give the other and the corporation notice, and purchase by the corporation was then required. ''The purchase price of each share of stock shall be its book value as of the last day of the month preceding the date of the notice of intention to sell. The determination of book value shall be made by the accountant then servicing the Corporation and such determination shall be conclusive upon all parties.'' In January 1960, defendant gave notice of intention to sell. The corporation's accountant fixed the book value of defendant's shares, but defendant was dissatisfied with the figure. Plaintiff corporation brought this action for specific performance. Defendant cross-complained for a greater sales price. Judgment was for plaintiff, and defendant appeals. Validity of the corporation's agreement to purchase its own shares is not contested.

The accountant's computation was based solely on book value of the assets, thus omitting unrealized profits on outstanding contracts and the excess of market value of securities over their book value. Oral evidence in aid of construction was received and, although contradicted in some respects, clearly supports the trial court's finding that the questioned items were properly omitted in computing value of the stock.

Defendant, however, asserts that the agreement, on its face, clearly and unambiguously requires inclusion of the omitted elements of value. The essence of his view is that ''book value'' of corporate stock is a term of fixed meaning, and requires inclusion of market value of each corporate asset listed on the books.

But ''the law does not define 'book value.' '' A court must look to the language of the agreement and to the significant circumstances surrounding its formulation and execution, and from all these determine the intent of the parties (*Lassallette* v. *Parisian Baking Co.*, 110 Cal.App.2d 375, 376-377 [242 P.2d 671]). The trial court, upon the agreement and the extrinsic evidence, has determined the issue adversely to defendant.

The decisions from other jurisdictions cited by defendant are not helpful. As pointed out in *Lassallette*, each turns upon its own peculiar facts. They by no means establish an unambiguous meaning of the term ''book value'' as used in the agreement before us.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.